UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KAKIT TSUI,<br><br>        Plaintiff,<br><br>        v.<br><br>CELSO J. SANCHEZ; FRANCES R. SANCHEZ,<br><br>        Defendants. | Case No. 15-cv-03189 NC<br><br>**ORDER TO SHOW CAUSE RE: SUBJECT MATTER JURISDICTION**<br><br>Re: Dkt. No. 1 |

The Court issues this order on its own motion, to address concerns regarding the apparent lack of subject matter jurisdiction. Pro se defendant Celso J. Sanchez removed the case to this Court. Dkt. No. 1. While the notice of removal asserts that removal is proper based on federal question jurisdiction, there appears to be no basis for this Court's jurisdiction. The Court, therefore, orders Sanchez to show cause why this case should not be remanded to state court for lack of subject matter jurisdiction.

Federal courts are courts of limited jurisdiction and are presumptively without jurisdiction. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Removal of a state court action to federal court is appropriate only if the federal court would have had original subject matter jurisdiction over the suit. *See* 28 U.S.C. § 1441(a). A federal district court must remand a removed case to state court "[i]f at any time before the final judgment it appears that the district court lacks subject matter jurisdiction." *Id.* § 1447(c); *see also Maniar v. FDIC*, 979 F.2d 782, 784-85 (9th Cir. 1992) (noting that

Case No.: 15-cv-03189 NC

section 1447(c) permits a district court to remand on its own motion for lack of subject matter jurisdiction). In deciding whether removal was proper, courts strictly construe the removal statute against finding jurisdiction, and the party invoking federal jurisdiction bears the burden of establishing that removal was appropriate. *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) (citations omitted).

District courts have federal question jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. A case "arises under" federal law if the complaint establishes "either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Proctor v. Vishay Intertechnology Inc.*, 584 F.3d 1208, 1219 (9th Cir. 2009) (citations omitted). Federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint. *Provincial Gov't of Marinduque*, 582 F.3d at 1091.

As such, it is not enough that a federal question may arise during the litigation in connection with a defense or counterclaim raised by the defendant. *Franchise Tax Board of State of Calif. v. Constr. Laborers Vacation Trust for S. Calif.*, 463 US 1, 10 (1983) ("For better or worse . . . a defendant may not remove a case to federal court unless the *plaintiff's complaint* establishes that the case 'arises under' federal law.") (emphasis in original).

As to state law claims, original federal jurisdiction may be available where "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." *Id.* at 13. "[T]he question is, does a state-law claim necessarily raise a stated federal issue, actually disputed and substantial, which a federal forum may entertain without disturbing any congressionally approved balance of federal and state judicial responsibilities." *Grable & Sons Metal Products, Inc. v. Darue Eng'g & Mfg.*, 545 U.S. 308, 314 (2005).

Here, Sanchez asserts that this case involves a federal question because it implicates a federal statute. Dkt. No. 1 at ¶ 8. Specifically, while Sanchez acknowledges that

Case No.: 15-cv-03189 NC         2

1  plaintiff's complaint involves an unlawful detainer claim—a state law cause of action—he
2  states that he "filed a [sic] answer to the Complaint based on a defective notice, i.e., the
3  Notice to Occupants to Vacate Premises failed to comply with the Protecting Tenants at
4  Foreclosure Act [12. U.S.C. § 5220]." *Id.* at ¶¶ 7-8. Sanchez continues that "[f]ederal
5  question jurisdiction exist [sic] because Defendants' demurrer a pleading depend on the
6  determination of Defendants' rights and Plaintiff's duties under federal law." *Id.* at ¶ 10.

But plaintiff's complaint does not involve a federal question; rather, it consists of an unlawful detainer claim under California Code of Civil Procedure § 1161. Dkt. No. 1 at 4-6 ("Complaint in Unlawful Detainer"). Indeed, the federal question raised by Sanchez arises in connection with his defense. As such he cannot remove the case to federal court on this basis. *See Franchise Tax Bd.*, 463 US at 10.

Moreover, Sanchez's notice of removal provides no explanation for why plaintiff's state law claim should be deemed to arise out of or be predicated on alleged violations of federal law. *See Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) ("[T]he mere reference of a federal statute in a pleading [e.g., notice of removal] will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists.").

Accordingly, the Court orders Sanchez to show cause in writing by August 13, 2015, why this case should not be remanded to state court for lack of subject matter jurisdiction. Additionally, all parties must file a consent or declination to proceed before a magistrate judge by July 30, 2015. 28 U.S.C. § 636. If Sanchez fails to respond to the order to show cause by August 13, 2015, the Court will remand this action to state court.

For additional guidance, Sanchez may refer to the Court's Pro Se Handbook, available on the Court's website at http://www.cand.uscourts.gov/prosehandbook, or contact the Federal Pro Se Program at the San Jose Courthouse, which provides information and limited-scope legal advice to pro se litigants in civil cases. The Federal Pro Se Program is available by appointment and on a drop-in basis. The Federal Pro Se Program is available at Room 2070 in the San Jose United States Courthouse (Monday to

Case No.: 15-cv-03189 NC            3

1  Thursday 1:00 – 4:00 pm), or The Law Foundation of Silicon Valley, 152 N. 3rd Street,
2  3rd Floor, San Jose, CA (Monday to Thursday 9:00 am – 12:00 pm), or by calling (408)
3  297-1480.

**IT IS SO ORDERED.**

Dated: July 24, 2015

_____
NATHANAEL M. COUSINS
United States Magistrate Judge